WILLIAMS v. HEATH.

| 22 | 519 |
| 90 | 634 |

1. **Evidence:** SECONDARY EVIDENCE OF DEED. Secondary evidence of the contents of a deed cannot be introduced to prove title, in an action of ejectment, unless it be shown to be lost, or not belonging to, nor within the control of, the party wishing to use the same.

2. **Tax sale:** WHEN TITLE OF OWNER PASSES. The legal title of land sold at tax sale, does not pass out of the owner until the execution of a *deed* to the purchaser.

3. —— WHERE VESTED DURING REDEMPTION PERIOD. During and before the time of redemption has expired, and before the execution of a deed to the purchaser, the legal title is not forfeited to the State, but remains in the former owner.

*Appeal from Iowa District Court.*

FRIDAY, JULY 5.

EVIDENCE: PRIMARY AND SECONDARY: WHEN RECORDS MAY BE USED: TAX CERTIFICATE: NATURE AND RIGHTS CONFERRED THEREBY, ETC.—Action at law, to recover posses-

sion of certain real property. The same cause was before this court under the name of *Furguson* v. *Heath* (Dec. Term, 1866, 21 Iowa). When the cause was remanded, Williams was made plaintiff in the place of Furguson. Plaintiff claimed title by virtue of a regular chain of conveyances from the United States down to him. Defendant claimed title under a tax sale and deed. Trial to court; judgment for plaintiff, and defendant appeals.

*Fairall & Boal* and *Murphy & Bro.* for the appellant, to the point that the title of plaintiff was divested by the tax sale, and hence that he could not maintain the action, cited Blackwell on Tax Titles, p. 458; *Usher* v. *Price*, 15 Gratt. (Va.), 190; Adams on Ejectment, 378; *Barnes* v. *Kerlinger*, 7 Min., 82; *Schauber* v. *Jackson et al.*, 2 Wend., 48; *Crary* v. *Goodman*, 2 Kern., 264.

*Rush Clark* for the appellee.

DILLON, J.—I. The plaintiff, to establish his title, which was put in issue by the answer, relied upon four *mesne* conveyances. He did not offer in evidence the original of those deeds, viz.: deed from Morseman (patentee) to Cross; deed from Cross to Bliler; deed from Bliler to Williams and from Williams to Furguson. He did produce and read the original deed from Furguson to himself. To prove the above named intermediate conveyances the plaintiff offered the record thereof in the county recorder's office. To lay the foundation for this secondary evidence, the plaintiff introduced H. M. Martin, Esq., who testified "that he had been attorney for Furguson, and had in his possession two or more of the deeds in question, he thought the last two; that he had either sent them to Furguson, the original plaintiff, or handed them to Mr. Feenan; that his impression was

<span style="font-variant: small-caps">1. Evidence: secondary evidence of deed.</span>

that he had handed them to Mr. Feenan." Mr. Feenan testified " that Mr. Martin had not handed him the deeds or any of them."

This was all of the evidence offered to lay the ground for the reception of the record copy of the deeds. The plaintiff did not show by his oath that the originals were lost, or that they did not belong to him and were not within his control. Upon this evidence the court admitted in evidence the record of the deeds. The defendant duly objected and excepted.

The rule requiring the production of the best evidence of which the fact to be established is susceptible, is well understood. It is needless to enlarge upon its great importance. No rule is more deeply radicated in the law of evidence, than the one which declares " that no evidence shall be received which is merely substitutionary in its nature, so long as original evidence can be had." This rule is in full force except so far as it has been modified by statute. Taking sections 4001 and 4002 together, it will be seen that the distinction between primary and secondary evidence is still recognized. But the secondary evidence is made competent " whenever, by the party's own oath, or otherwise, the original is shown to be lost, or not belonging to the party wishing to use the same, nor within his control." Martin did not attempt to account for all of the deeds. Taking his testimony and that of Feenan together, the possession of the deeds alluded to by him, is traced to Furguson. But Furguson afterward conveyed the land to the plaintiff. For aught that was shown on the trial, these deeds were delivered to plaintiff when he purchased, and may have been in his pocket or in his possession at the trial. Not being made to him, had he made oath (which perhaps may be by affidavit, and certainly by deposition if absent, or orally if he is present in court) that they did not belong to him,

and were not within his control, the record of the instruments would then have been competent evidence. And the same facts may be "otherwise" shown, but in this case were not. We are of opinion that there was not enough shown to justify the reception of the secondary evidence. The case stood the same as if no showing for the admission of the record had been made. To affirm the ruling below would be to hold that if a deed is made to another than the party desiring to prove its contents, this circumstance *alone*, will, under the statute, make the record, or an authenticated copy, competent evidence. Though not indisposed to a liberal construction of the statute, we do not think the section relied on (§ 4002) has gone to the extent claimed by the appellee.

II. The action was ejectment. The answer claimed absolute ownership and title in the defendant. It did not set up any equitable title, or seek to perfect title in defendant. Plaintiff showed title in himself, in the manner stated in the first division of this opinion. Defendant offered his tax deed in evidence, which, conformably to the opinion of this court in *Furguson* v. *Heath*, was rejected because it showed a sale in mass, of the two tracts, for a gross sum. Defendant does not assign this action of the court as error. For the purpose, not of showing title in himself, but to show that the *plaintiff had no title* (who, as he must recover on the strength of his own right, would, if this were shown, fail in this action) the defendant offered in evidence *tax certificates*—two separate tax certificates, one for each tract —to show a sale to him, December 1, 1861, in conformity with law. The three years' redemption time allowed to the owner in which to redeem, had expired before suit was brought, and long before the trial. Defendant proposed to follow this up, by showing by the tax books and by oral evidence, that no *redemption* had been made either within

2. TAX SALE: when title of owner passes.

the three years or at any time. The court rejected the evidence. The defendant excepted, and now insists that in excluding this evidence the court erred.

It is argued by the defendant, that a plaintiff in ejectment may be defeated by showing that he has no title, or that his title has expired, or ·is wholly gone. The rule is not disputed. The defendant thereupon claims that the proposed proof, if made, would show that the plaintiff's title was wholly gone, since the redemption time had expired and no redemption had been made. If it be true that when the redemption time has expired, the owner ceases to have any interest in the property—ceases longer to have the legal title thereto even though no treasurer's deed has been made to the tax purchaser, it would logically follow that the proposed testimony should have been received, and, if received, would defeat the owner's recovery in ejectment. It is our opinion, under the statute, that the legal title does not pass out of the former owner until a *deed* is made by the treasurer to the tax purchaser. So far as the tax purchaser is concerned, it is clear that he does not become invested with the legal title until he receives the treasurer's deed. This deed, it is declared, " shall vest in the purchaser all the right, title, interest and estate of the former owner in and to the land conveyed, and also all the right, title, etc., of the State and county thereto" (Rev., § 784) ; and that it is the tax deed that " conveys the title." See section 762.

The title, after redemption time has expired, and before the tax deed is executed, must be somewhere. We have

3. —— where vested during redemption period.

shown that it is not in the tax purchaser or holder of the certificate. Where is it ? Defendant's counsel contend that the land is forfeited to, and is held by, the State, in trust for the holder of the tax certificate. We do not see any foundation for this view in the statute. It nowhere declares such a *forfeiture* to the

State. It nowhere declares that the title is in the State. There is no such forfeiture to the State. When the tax becomes delinquent the land is *sold*, not *forfeited*. The purchaser buys the land and gets his certificate of purchase. Rev., § 777. This does not pass, nor profess to pass the title. Before redemption time has expired, clearly the legal title remains in the owner and is not forfeited to the State. After that period, we see nothing in the statute indicating forfeiture to the State. Why forfeited to the State? The State has received its revenue from the tax purchaser, who can "immediately" call for a deed. § 781. If forfeited to, and the title is in the State, would the State own the land of the tax purchaser should he refuse to take a treasurer's deed, or never call for one? To whom, in this event, would the State look for taxes or revenue arising from land thus *in limbo?* These considerations seem to us to show that the legal title is not in the State after redemption time is out, and prior to the tax deed being executed. If, therefore, it is not, under such circumstances, in the holder of the tax certificate, nor in the State, where is it? It must be in the former owner. There is reason for so holding. The tax purchaser may never get a deed, and the title should be somewhere. We therefore hold that the owner, or person having the government title, may maintain ejectment against the holder of a mere tax certificate whose title has not been perfected by the treasurer's deed. In the quite analogous case of sheriff's sales and deeds, it is held that it is the *deed* that conveys title, and the deed, when made, takes effect by relation from the time when it might have been demanded, that is from the expiration of the time allowed for redemption. If the sheriff refuses to make a deed, mandamus is a proper remedy, and will bring up the question of the right of redemption if this is in dispute. See 12 John., 73 ; 8 Id., 250 ; 13 Id.,

340; 20 Id., 3; 1 Cow., 507, 510; 7 Id., 540; 9 Id., 185; 1 Hill, 108; 2 Wend., 507, 510; 11 Id., 422.

The action of the court in refusing to admit the tax certificates, etc. (this not being a proceeding to perfect title in the defendant) is affirmed.

But for the error stated in the first branch of this opinion, the judgment of the District Court is reversed and the cause remanded.

Reversed.