### BYINGTON *et al.* v. OAKS *et al.*

1. Practice: WAIVER OF RULINGS. The right to object to the overruling of a demurrer to or objection against a pleading is waived by answering over.

2. Evidence: COPY OF INSTRUMENT. A copy of a deed is not admissible in evidence when the original is in existence and capable of being procured.

3. Stamps: EFFECT OF OMISSIONS. Where the requisite revenue stamps are purposely omitted from an instrument, the parties denying the constitutionality of the revenue law in that respect, the instrument is inadmissible in evidence.

4. Conveyance: FILLING OF BLANKS: EVIDENCE. Where it is shown that a deed and the acknowledgment thereto were made in blank and subsequently filled out for the purpose of use at the trial, the deed is not admissible.

*Appeal from Johnson Circuit Court.*

TUESDAY, OCTOBER 24.

ACTION in replevin for fifty cords of wood. Trial to a jury, resulting in a verdict and judgment for defendants for the value of the wood taken under the writ of replevin. The plaintiffs appeal. The further facts are stated in the opinion.

*Le Grand Byington* for the appellants.

*Edmonds & Ransom* for the appellees.

COLE, J. — I. Various motions and demurrers were filed; some were sustained, and others overruled; but
**1. PRACTICE: waiver of rulings.** any errors, if there were such, in respect thereto, were waived by pleading over and going to a trial on the merits. This has been often so ruled.

II. The plaintiffs offered in evidence a *copy* of a deed made by Le Grand to C. E. Byington. The evidence
**2. EVIDENCE: copy of instrument.** then taken showed that the *original* was in existence and was part of the files of a case in the supreme court, and could have been readily procured by the plaintiffs; and thereupon, on the objection of the defendants, the court refused to admit the *copy* in evidence. That there was no error in this ruling has been twice held by this court. See Rev., § 2236; *Williams* v. *Heath*, 22 Iowa, 519; *Ackley* v. *Sexton*, 24 id. 320.

III. The plaintiffs then offered in evidence certain deeds executed since October 20, 1862, and having no
**3. STAMPS: effect of omission.** United States revenue stamps affixed thereto The record tends to show that the stamps were purposely omitted, the parties denying the constitutionality of the stamp law. On the objection of the defendants, the deeds were excluded. In this holding there was no error : all the decisions agree that in such case the

VOL. XXXII. — 62

unstamped instruments are not admissible. The intended omission to stamp must be equivalent to or constitute proof of an "intent to evade," etc., within the meaning of the statute.

IV. The plaintiffs offered in evidence a certain deed, regular in form, and with a certificate of acknowledgment

4. CONVEY-ANCE: filling of blanks: evidence.

and seal, etc., appearing to be in due form but the abstracts tend to show that the certificate of acknowledgment was made years ago, in blank, and the deed filled up since the action was brought and for the purposes of the trial. Under such circumstances the deed was rightly excluded.

There are eighteen errors assigned, similar in kind and effect to those above considered; we have examined them in detail and discover no error to plaintiff's prejudice. It seems to us to be unnecessary to state them *seriatim* in this opinion. We have not been favored with any argument upon either side, and do not know that any particular proposition is specially relied upon. The judgment is not without authority under Revision, sections 3562, 3563. The instructions asked and refused are not before us; and under the circumstance attending the making up and signing the bill of exceptions, it is very questionable whether we can rightfully consider any question made upon it. The entire record is very suggestive of the great propriety and importance of settling and having the bill of exceptions signed at *the time*, or at furthest, at *the term* of trial.

Affirmed.