Cannon v. Iowa City

---

## CANNON v. IOWA CITY.

1. Evidence: DAMAGES. In an action for damages for injuries to property, the opinion of a witness as to the amount thereof is not admissible. He should simply give the facts.
2. —— PRACTICE. The order of the introduction of testimony rests largely in the discretion of the trial court; and the admission of testimony in chief on the part of the defendant, after the plaintiff has entered upon his rebutting testimony, constitutes no sufficient ground for reversal, where no abuse of discretion is shown.

*Appeal from Johnson District Court.*

WEDNESDAY, JUNE 5.

ACTION to recover for the alleged negligent grading and improving the streets of defendant, and suffering the gutters to become filled with debris, whereby, it is claimed, plaintiff's propery has been overflowed and injured.

Answer in denial. Jury trial. Verdict and judgment for defendant. Plaintiff appeals. The necessary facts are stated in the opinion.

*J. D. Templin* for the appellant.

*Rush Clark* for the appellee.

DAY, J. — I. The plaintiff, having testified generally as to the acts of defendant, and the consequences to her property, was asked the following question : " State, after making a calculation of the damage done by the flowing of said water on said lots as you have testified, the aggregage amount of damage you suffered by the same ? " Of the sustaining of the defendant's objection to this question the plaintiff complains. The court ruled rightly. It is not competent to prove damage in this general way. The opinion of a witness, as to the amount of damage sustained, is not admissible. *Prosser* v. *Wapello Co.*, 18 Iowa, 328, and cases cited.

II. The plaintiff offered in evidence an ordinance of Iowa City, granting to the Iowa Northern Central Railroad Company the right of way through and across certain streets and public grounds. This testimony, upon defendant's objection, was excluded. We are unable to discover any error in this action of the court. If the right of way has been used in such manner as to entitle plaintiff to damages, she must look for remuneration to the railway company, and not the defendant.

III. Upon the trial, evidence was introduced on the part of plaintiff, tending to prove that a certain stone 2. — practice.    crossing, put in a ditch below plaintiff's premises by one Doty, street commissioner of Iowa City, remained there during the summer of 1871, and on the part of defendant tending to show that the same was washed out in the summer of 1871. After plaintiff had

introduced some of her rebutting witnesses, and while awaiting the coming of other witnesses, the defendant was allowed to introduce Elias Patterson, who testified that said stone crossing washed out in June, 1871. This action of the court plaintiff assigns as error. The regular and orderly mode of trial is not to permit the defendant to introduce testimony after the plaintiff has entered upon his rebutting evidence. Yet, from the nature of the subject, every thing pertaining to the *order* of the production of testimony must, of necessity, rest largely in the discretion of the *nisi prius* court. Unless an abuse of this discretion is shown, it will not be reviewed.

No such abuse appears in this case.

IV. Objection is made to several of the instructions given. The abstract does not show that any exception was taken to the giving of them. They appear, however, to be unobjectionable.

V. Lastly, it is urged that the verdict is not supported by the evidence. The case is the ordinary one of a conflict of evidence, and fully justifies the verdict returned. It is needless to say that it does not justify us in interfering with the finding of the jury.

Affirmed.