McNichols v. Wilson et al.

1. **Highway:** order of board of supervisors: appeal. An order of the board of supervisors, establishing a highway upon the condition that the damages assessed by the appraisers be paid by the petitioners, may be appealed from by a land owner dissatisfied with the appraisal.

2. ——: ——: pleading. In such case, it was not error for the court to strike from the files a pleading of the petitioners, offering to renounce their right to the road upon certain conditions, but reserving to themselves any right which might accrue from the prosecution of the appeal. The adjudication of the question of damages could not be avoided by such a pleading.

3. **Practice:** additional evidence. The court, in the exercise of discretion, may permit a party to introduce evidence omitted by inadvertence, mistake or ignorance, after he has rested his case.

4. **Evidence:** copy of deed. Where the original deed is not in the possession, or under the control of, the party wishing to introduce it, the record copy of the same is competent. It is not necessary to its competency that resort shall first have been had to legal process to procure the original.

*Appeal from Clarke Circuit Court.*

Wednesday, March 22.

In October, 1872, the appellants petitioned the board of supervisors of Clarke county to establish a certain road. On the 29th of April, 1873, the plaintiff filed his claim for damages in the amount of $260.00. Appraisers were duly appointed, who returned to the board of supervisors that plaintiff would suffer damages by the establishment of the road in the sum of $15.00.

On the 8th day of September, 1873, the board of supervisors ordered that the road be established upon condition that the petitioners pay the damages assessed, and all costs, on or before the 1st day of October, 1873. On the 10th day of September, 1873, plaintiff appealed to the Circuit Court from the order of the board of supervisors fixing the amount of damages.

On the 3d day of October, 1873, defendants filed a motion

to dismiss the appeal for the reasons: "1. There has been no establishment of any highway, nor final decision of the board of supervisors, from which an appeal is allowed.

"2. There has been no compliance by the petitioners with the condition precedent, to-wit: the payment of $————, on which alone the highway was to be established."

The court overruled this motion, and defendants excepted.

On the 16th day of February, 1874, the defendants filed their demurrer to the jurisdiction of the court, upon substantially the same grounds as those presented in the motion to dismiss the appeal. The court overruled the demurrer, and defendants excepted.

On the 23d day of February, 1874, defendants filed what they term a supplemental pleading, in the first count of which they set up the same facts presented by their motion and demurrer.

The second count of this pleading is as follows: "That should the court hold that it has jurisdiction over the matters herein involved, then they hereby expressly renounce all right to said road, or that may have been given them by virtue of the order of the board of supervisors, provided the same is now accepted by the plaintiff, reserving the question as to costs that have accrued before the filing hereof, to be determined by the court. However, should the plaintiff continue to prosecute this appeal against this objection of the defendants, they do not release any right that may accrue to them by the further action herein."

On motion of plaintiff, the court struck this pleading from the files, and to this the defendants excepted.

The cause coming on for trial, the plaintiff, for the purpose of proving his title to the lands described in his claim for damages, introduced in evidence a deed therefor from Nathaniel McNichols and wife to himself. The plaintiff, for the purpose of identifying the lands and showing their condition, was allowed to prove that he had taken possession of the lands and made improvements thereon. Plaintiff also proved the manner in which the road would affect his land, and rested his case.

The defendants thereupon introduced the book of original entries of Clarke county, which showed the lands described in plaintiff's claim for damages to have been entered by William McNichols on the 1st day of September, 1856. Here the defendants rested.

The plaintiff then offered in evidence the record of deeds of Clarke county, containing records of the following deeds: " 1. A quit claim deed of the lands for which damages are claimed, of one Margaret McNichols, dated May 28, 1869. Said deed is in the usual form of a quit claim of her interest, and states that she is the widow of William McNichols. 2. Administrator's deed, in the usual form, of John Lisle, as administrator of the estate of William McNichols, to Nathaniel McNichols. Said deed describes the lands for which damages are claimed, and is dated March 3, 1869."

To the introduction of the records of these deeds, the defendants objected as incompetent, secondary and not rebutting. The court ruled that he would allow plaintiff to make proof of his title if he offered competent evidence thereof. To this the defendants excepted. The plaintiff thereupon testified as follows: " I have not the remainder of the original deeds. They are not under my control or within my possession. I do not own them. I think my brother, Nathaniel McNichols, has them. He lives three miles from this place. I think I can get them; they are all with him; I think the most of them are." The plaintiff showed no effort on his part to obtain the deeds, or to have them present at the trial.

The court sustained the objections to the records, to which the plaintiff excepted. The plaintiff asked time to send after the original deeds. The defendants objected, and the court refused to grant time. Under the instruction of the court, the jury found for the defendants.

Afterward, on motion of plaintiff, the court set aside the verdict and granted a new trial, upon the ground that he had erred in excluding the deed record offered by plaintiff for the purpose of proving his title to the lands in question. Defendants appeal.

*Stuart Bros.* and *P. J. Goss*, for appellants.

The record may be used as evidence only when the original is lost, or not within the control of the party wishing to use it. (Code, § 3660.) The best evidence of which the case is susceptible must be produced. (1 Greenl. on Ev., § 82.) Until the production of primary evidence is shown to be impossible no other proof of the fact is in general admitted. (*Sebree v. Dorr*, 9 Wheat., 558; *Hart v. Yunt*, 1 Watts., 253.) If a party intend to use a deed which is in the possession of the other party, and he refuses to produce it, or it be lost or destroyed, secondary evidence is admissible. (1 Phillips on Ev., 422–457.) When the testimony discloses that better evidence is available, secondary should not be received. (*Brewster v. Countryman*, 12 Wend., 446.) When the record of an instrument is admissible a sworn copy will in like cases be evidence of the same degree. (*Winn v. Patterson*, 9 Pet., 676.) The record can never be received to prove the original except upon the footing of mere secondary evidence. (*Brooks v. Marbury*, 11 Wheat., 79; *Fox v. Lambson*, 3 Halst., 275; Cowen & Hill's Notes, 2 Phill. on Ev., 1246.) There are no degrees in secondary evidence. The record of a deed is secondary evidence. (*Ackley v. Sexton*, 24 Iowa, 320; *Byington v. Oaks*, 32 Id., 489.) When a deed offered is that of an administrator, his character as administrator must be established by competent evidence. (*Harper v. Holliday*, 3 G. Greene, 30.)

*Chaney & Temple*, for appellee.

The record is competent evidence if the party wishing to introduce it shall show that the deed is not in his possession or control, and he has not the right of possession therein. (*Heath .v. Williams*, 22 Iowa, 519; *Booth v. Cook*, 20 Ill., 129; *Rankin v. Craw*, 19 Id., 626; *Mariner v. Saunders*, 5 Gilman, 117; *Bestor v. Powell*, 2 Id., 119.) Evidence introduced for a particular purpose is, nevertheless, competent to establish any other issue involved in the case. (*Clement v. Perry*, 34 Iowa, 567; *Hamilton v. Wright*, 30

Id., 486; *Booth & Graham v. Small*, 25 Id., 180.) One in adverse possession of land may maintain an action against an individual trespasser. (*Miller v. Hollingsworth*, 33 Iowa, 224.) Defendants could not under a denial defeat plaintiffs's claim for damages by proof of title in a third party. (2 Greenl. on Ev., 672.)

DAY, J.—I. The motion to dismiss the appeal and the demurrer to the jurisdiction of the court present the same question, and the rulings of the court will be considered together. It is claimed the court had no jurisdiction of the appeal, because the order establishing the road was conditioned upon the payment by the petitioners of the damages awarded. The provisions of the Code, bearing upon the question, are as follows:

1. HIGHWAY: order of board of supervisors: appeal.

"Section 946. When the time for final action arrives, the board of supervisors may hear testimony, receive petitions for and remonstrances against the establishment, vacation, or alteration, as the case may be, of such highway, and may establish, vacate, or alter, or refuse to do so, as in their judgment, founded on the testimony, the public good may require. Said board may increase or diminish the damages allowed by the appraisers, and may make such establishment, vacation, or alteration, conditioned upon the payment, in whole or in part, of the damages awarded or expenses in relation thereto."

"Section 947. In the latter case a day shall be fixed for the performance of the condition, which must be before the next session of the board; and if the same is not performed by the day thus fixed, the board shall, at such session, make some final and unconditional order in the premises."

"Section 959. Any applicant for damages, claimed to be caused by the establishment of any highway, may appeal from the board of supervisors to the Circuit Court of the county in which the land lies, but notice of this appeal must be served on the county auditor within twenty days after the decision is made. If the highway has been established on condition that the petitioners therefor pay the damages, such notice shall be served on the four first named in the petition

for the highway, if there are that many who reside in the county."

"Section 962. The amount of damages the claimant is. entitled to shall be ascertained by said Circuit Court in the same manner as in actions by ordinary proceedings, and the amount so ascertained shall be entered of record, but no judgment shall be rendered therefor. The amount thus ascertained shall be certified by the clerk to the board of supervisors, who shall, thereafter, proceed as if such amount had been by them allowed the claimant as damages."

From these provisions we are satisfied that the appeal in question was not prematurely taken. Section 946 provides that when the time for final action arrives, the board of supervisors may increase or diminish the damages allowed by the appraisers, and may make the establishment of the road conditioned upon the payment of the damages awarded. This is the final action of the board upon the amount of damages. The final and unconditional order spoken of in the next section is to be made only in the event of the failure of the petitioners to pay the damages, upon the payment of which the establishment of the road may be conditioned. This order can be none other than that the road be established without the condition of paying the damages, or that, because of the failure to pay the damages awarded, the road be not established. An appeal is allowed, not from the order establishing the road, but from the decision respecting the damages; and it must be taken within twenty days from the time the decision is made. Suppose the damages, upon the payment of which the establishment of the road is conditioned, are paid within the time fixed for that purpose, but after twenty days from the conditional establishment of the road. Then no other order would be made, for it is only when the condition is not performed by the day fixed that the board is required to make a further, final and unconditional order. In such case, if appellants' position be correct, there could be no appeal. No appeal would lie from the conditional order named in section 946, and, the condition being performed, the unconditional order named in section 947 would never be made.

This, it seems to us, is of itself conclusive against appellants'· position. It is claimed the appeal would oust the jurisdiction of the board of supervisors and prevent them from making the final unconditional·order in a proper case. But this position is not tenable. The appeal merely suspends, for a time, their action. Under section 962, when the amount of damages is determined, it is to be certified to the board of supervisors, and then they may proceed to final action in the premises, as if such amount had been by them allowed the claimant.

II. It is claimed that the court erred in striking from the files the supplemental pleading of the defendants. For the most part this merely repeats the· matters presented in the motion and the demurrer already considered. The only thing additional which it presents is the renunciation by defendants of all right to the said road that may have been given to them, by virtue of the order of the board of supervisors, at the same time, however, reserving to themselves any right that may accrue to them by the further action herein, if plaintiff should continue to prosecute his appeal. It is not competent for the defendants thus to deprive the plaintiff of his right to have his damages legally assessed. They initiated a proceeding which resulted in a conditional order establishing a highway over plaintiff's premises. The damages awarded are less than plaintiff thinks he will sustain by the establish-ment of the highway. Notwithstanding the defendants may refuse to pay the damages awarded, the board of supervisors may make an unconditional order establishing the highway. In view of the possibility of such an order, plaintiff is entitled to have his damages assessed. Defendants having put in motion this proceeding, cannot now stop the investigation as to the amount of damages. We need not determine what· might have been the result upon the question of costs if they had ·retired from the controversy, and abnegated entirely all· the benefits which might arise from the litigation. But they did not do this. They introduced testimony upon the ques-·tion of damages, and actually interposed a defense to plain-·tiff's claim. Even in their supplemental pleading they reserve· to themselves all the benefits which may accrue from the action:

*2. ——; ——; pleading.*

of the court. If the jury had diminished the award of plaintiff's damages, it cannot now be doubted that defendants would have insisted on their right to pay them, and have the road established. If they will insist upon rights under the appeal they must bear its accompanying burdens.

III. It is claimed that the court erred in determining to allow plaintiff to introduce proof of his title to the premises after he had rested his case. This is a matter resting very largely in the discretion of the trial court. Section 2779 of the Code provides: "The party on whom rests the burden of proof in the whole action must first produce his evidence; the adverse party must then produce his evidence. The parties will then be confined to rebutting evidence, unless the court, for good reasons, in furtherance of justice, permit them to offer evidence in their original case."

*3. PRACTICE: additional evidence.*

In this case the plaintiff, in making out his case in chief, introduced a deed to himself, but failed to show title in his grantor. The court did not err in permitting him to supply this omission, whether it resulted from inadvertence, mistake or ignorance. It would be a reproach to the law if it should deny a party the right to supply such omissions. See *Hubbell & Brother v. Ream*, 31 Iowa, 289; *Crane v. Ellis*, Id., 510; *Cannon v. Iowa City*, 34 Iowa, 203; *Donaldson v. The M. & M. R. R. Co.*, 18 Iowa, 280.

IV. The court excluded the record of the deeds to Nathaniel McNichols, upon the ground that the absence of the originals had not been properly accounted for. Upon motion for new trial, the court held that he was in error in excluding this record, and upon this ground a new trial was granted. Defendants assign this action of the court as error. Section 3660 of the Code provides that the record of an instrument in writing, affecting real estate, or a duly authenticated copy thereof, is competent evidence whenever, by the party's own oath or otherwise, the original is shown to be lost, or not belonging to the party wishing to use the same, nor within his control. If the instrument is not lost, two things must concur in order to render the record of it admissible. It must be shown not to belong to the party wishing to use the same, and

*4. EVIDENCE: copy of deed.*

not to be within his control. The plaintiff, in this case, testified that he had not the remainder of the original deeds; that he did not own them; and that they were not under his control, nor within his possession. It would seem that this testimony fully complies with the statute. It is claimed, however, that, inasmuch as these deeds were executed to plaintiff's grantor, they do, notwithstanding plaintiff's testimony, belong to him; and that, in cross-examination, plaintiff showed that the deeds were in the possession of his brother, and hence under his control. These positions are not correct. It does not follow that the deeds belonged to plaintiff simply because they were executed to his grantor. They may have contained the description of many other tracts of land still belonging to plaintiff's grantor, or conveyed to other parties, and plaintiff may neither have owned them, nor been entitled to their possession. The deed was not within the control of plaintiff simply because it was in the possession of his brother, three miles distant. Plaintiff could not command the delivery of the deed. His brother might, upon request, deliver the deed, and, upon the other hand, he might refuse to do so. True, the plaintiff might compel its production by procuring a *subpœna duces tecum*, and he might have done the same thing if the deed had been in the possession of any other person within seventy miles. Code, § 3673. This shows the deed to be within the control of the court, but not within the control of plaintiff without resort to the process of the court. The purpose of section 3660, we think, is to enable a party to introduce a record of a deed when the original does not belong to him, and is not within his control, without resort to the process of the court. If such is not its purpose, it is merely declarative of the common law. Our construction is in full harmony with, and is supported by, *Williams v. Heath*, 22 Iowa, 519. The case of *Byington v. Oaks*, 33 Iowa, 488, cited and relied upon by appellants, is not in point. The deed in question in that case was one executed to the plaintiff, and the original was shown to be in existence, and a part of the files of a case in the Supreme Court. It both belonged to plaintiff and was shown to be within his control. The record discloses no error.

AFFIRMED.