LAURA E. BUCKLEY, Appellant, v. W. H. EBENDORF, Administrator, Appellee.

**EVIDENCE: Best and Secondary—Public Records—Necessary Prelimi-**
**1 nary Proof.** The record of a duly recorded deed is not admissible as proof of title until preliminary proof is offered that the original deed (1) has been lost, or (2) does not belong to the party wishing to use the same, and is not within his control.

**WITNESSES: Competency—Transaction with Deceased—Resignation of**
**2 Administrator.** An administrator who has been substituted as plaintiff in lieu of the deceased plaintiff, but who has later resigned, and been succeeded by another appointee, may not be deemed a *party to the action*, and therefore incompetent to testify to personal transactions with the deceased.

**WITNESSES: Competency—Transaction with Deceased—Non-disqualify-**
**3 ing Interest.** A person may not be deemed "interested" in the outcome of an action by an administrator, and therefore disqualified from testifying to personal communications with the deceased, from the fact that the will of the deceased directs that he be paid whatever testatrix may be owing him at the time of her death.

**DEEDS: Delivery—Acts Constituting.** Delivery of a deed is necessarily
**4 established by uncontradicted, competent testimony that the grantor personally handed the deed to the grantee, with the intent to make delivery.**

Headnote 1: 22 C. J. pp. 1020, 1045. Headnote 2: 40 Cyc. p. 2276. Headnote 3: 40 Cyc. p. 2286. Headnote 4: 18 C. J. p. 438.

Headnote 1: 10 R. C. L. 911. Headnote 2: 28 R. C. L. 504. Headnote 4: 8 R. C. L. 982.

*Appeal from Allamakee District Court.*—JAMES D. COONEY, Judge.

NOVEMBER 22, 1927.

The nature of the action and the facts are stated in the opinion.—*Affirmed in part; reversed in part.*

*A. E. Sheridan,* for appellant.

*A. J. Eaton* and *E. R. Acres,* for appellee.

WAGNER, J.—Laura E. Buckley, the original plaintiff, and Martha Ellen Lamont were sisters. Martha Ellen Lamont died August 11, 1912, and the personal representative of her estate is the defendant and appellee in this cause of action. J. H. Lamont, the former husband of Martha Ellen Lamont, was the owner of the real estate in controversy on December 24, 1903, on which date he executed unto his wife a deed for the real estate herein involved, to wit, Lots 1 and 2 of Block 7 of Delafield's Addition to the city of Waukon. Prior to the time of the execution of the deeds hereinafter mentioned, Mrs. Lamont obtained a divorce from her husband.

There is on record in the recorder's office of Allamakee County a deed bearing date June 8, 1906, conveying Lot 2 of the aforesaid real estate, in which deed Martha Ellen Lamont is the grantor and Lucy A. Sheetz, a third sister, is grantee. There is also on record in said office a deed for said Lot 2 in which Lucy A. Sheetz is grantor, and her sister Laura E. Buckley is grantee. On April 10, 1909, a warranty deed describing Lot 1 of the aforesaid real estate, in which Laura E. Buckley is named as grantee, was signed and acknowledged by Martha Ellen Lamont before William S. Hart, as notary public; and on the same date, Laura E. Buckley signed a written instrument describing said Lot 1, by the terms of which her sister Martha Ellen Lamont is given a lease upon said real estate during the term of the natural life of the lessee, which lease was also acknowledged by the lessor before the same officer.

The chief controversy in this cause of action is as to whether or not it has been established by the record herein that the deed from Martha Ellen Lamont to Laura E. Buckley was delivered. The last mentioned deed and lease are not on record.

On December 24, 1914, Laura E. Buckley filed her petition in this action, alleging therein, in substance, that the defendant, administrator of the estate of Martha Ellen Lamont, had filed

application for order asking that he be authorized to make sale of all of the real estate hereinbefore described, for the purpose of paying the debts and charges of said estate, and alleging that she is the absolute owner thereof, and asking that her title thereto be established and quieted in her, and that it be decreed that the defendant administrator has no right to sell the same. The defendant administrator, by answer, denied the allegations of the petition, and averred that no deed of conveyance for the real estate was ever delivered to the said Laura E. Buckley, and that the same was without consideration.

The original plaintiff died testate, and her will was admitted to probate in July, 1924, after a contest as to the mental competency of the testatrix at the time of the execution of said instrument, to wit, March 28, 1912. In the will, William S. Hart was nominated as executor, and in so far as material to this controversy, the will otherwise provides:

"I direct that all my just and lawful debts shall be paid out of the proceeds of my estate, including reasonable compensation to my attorney, William S. Hart, for services he has rendered to me in all matters he has acted as my attorney during my lifetime."

Upon the admission of the will to probate, the nomination of William S. Hart as executor was confirmed, and he qualified as such; and the death of the original plaintiff being suggested to the court, William S. Hart, as executor of her estate, was substituted for the original plaintiff in this cause of action. Prior to the time of the trial in the lower court, William S. Hart resigned as executor, and James Hart was appointed administrator, with the will annexed, of said estate, qualified as such, and was substituted as party plaintiff herein, in lieu of William S. Hart, the former executor.

After trial on the issues joined, the petition of plaintiff was dismissed, and James Hart, substituted plaintiff herein, appeals.

The plaintiff offered in evidence the record of the aforesaid deeds from Martha Ellen Lamont to Lucy A. Sheetz, and from Lucy A. Sheetz to Laura E. Buckley, but made no preliminary proof that the original deeds were lost, or not within his control. The defendant administrator made objection to the introduction of the record of said instruments, upon the grounds that the

1. EVIDENCE: best and secondary: public records: necessary preliminary proof.

same is incompetent, and not the best evidence, and no proper foundation laid for the introduction of secondary evidence. Without any foundation's having been laid for the introduction of the record evidence, was it admissible? Section 11290, Code of 1924, provides:

"When the recording of any instrument in the office of any public officer is authorized by law, the record of such instrument, or a duly authenticated copy thereof, is competent evidence whenever, by the party's own oath or otherwise, the original is shown to be lost, or not belonging to the party wishing to use the same, nor within his control."

It has been held by this court that secondary evidence of the contents of a deed cannot be introduced, unless it be shown to be lost, or not belonging to, nor within the control of, the party wishing to use the same. *Williams v. Heath*, 22 Iowa 519; *McNichols v. Wilson*, 42 Iowa 385. In the latter case, it is said:

"If the instrument is not lost, two things must concur, in order to render the record of it admissible. It must be shown not to belong to the party wishing to use the same, and not to be within his control."

It thus becomes manifest that the appellant has failed in his proof as to Lot 2 of the aforesaid real estate.

From the brief and argument of the appellant it appears that he makes no claim to Lot 2. He states, in his brief and argument, "validity of deed by defendant's intestate to plaintiff's intestate," as constituting the issue in the case. In his reply argument, he avers that appellee's argument discloses disregard of the single question in the case, which is, Did Mrs. Lamont deliver the deed to her little homestead, house, and lot, to her sister?

We now come to the determination of the issues arising by the pleadings with reference to Lot 1 of the aforesaid real estate. There is no evidence in the record as to defendant's af-

2. WITNESSES: competency: transaction with deceased: resignation of administrator.

firmative plea of want of consideration for the deed from Mrs. Lamont to Mrs. Buckley. The sole question for consideration as to the said lot is, Was the deed delivered from Mrs. Lamont to her sister, Mrs. Buckley? William S. Hart was the scrivener who drew the deed from Mrs. Lamont to Mrs. Buckley, and who also drew the life lease from Mrs. Buckley to Mrs. Lamont. He

testified relative to the delivery of the same. Objection was made to his testimony, upon the ground that he was an incompetent witness, under the provisions of Section 4604, Code of 1897, now Section 11257, Code of 1924. While he was originally a party to this suit, as executor of the Laura E. Buckley estate, yet his relationship as a party to the suit terminated upon his resignation, and upon the appointment of James Hart as administrator, with will annexed, and the substitution of James Hart as party plaintiff in his stead. It thus becomes manifest that William S. Hart was not an incompetent witness by reason of

3. WITNESSES: competency: transaction with deceased: non-disqualifying interest.

being a party to the action. Was his interest in the outcome of the suit such as to make him an incompetent witness? It is claimed by the appellees that he is a legatee under the will, by reason of the provision thereof hereinbefore quoted. The will merely expresses a direction that the debt which she owes William S. Hart for services rendered shall be paid, as well as all her other lawful debts. Said portion of the will is useless, as the law provides for the payment of debts, regardless of any provision in the will to that effect. The testatrix did not provide for the payment to the witness of anything except what she owed him. Manifestly, he is not a legatee. He is merely the creditor of the testatrix, and has never filed a claim against the estate. He is not interested in the outcome of the suit so as to make him an incompetent witness, within the purview of the aforesaid statute. Said witness testified that, upon his drawing the deed and the lease, he went to the house where these old ladies were

4. DEEDS: delivery: acts constituting.

residing together, and that, concurrently, Mrs. Lamont handed the deed to Mrs. Buckley, and Mrs. Buckley handed the lease to Mrs. Lamont, the latter stating to Mrs. Buckley, "Now you have your deed, and I have my life lease;" and Mrs. Buckley took the deed and placed it on a shelf or cupboard or something on the west side of the room. Obviously, this constituted a full and complete delivery of the deed. There is no evidence to the contrary, except subsequent statements by Mrs. Lamont to one Ebendorf, who was formerly the administrator of her estate, but who resigned, and Eaton, the present administrator, was substituted as party defendant in his stead. Objection was made to the testi-

mony of Ebendorf, and it is manifest that said testimony was incompetent, being hearsay and self-serving declarations.

It is contended by the appellee that, in order to constitute a delivery of an instrument, there must be an acceptance by the grantee. While there is some evidence in the record tending to show that Mrs. Buckley was eccentric, and at times was deficient in intellect, yet there is nothing to show that she was mentally incompetent at the time in question, to wit, April 10, 1909. We are abidingly satisfied, from the record, that she was possessed of sufficient mentality to accept the deed.

For the reasons hereinbefore pointed out, the cause is affirmed as to Lot 2 and reversed as to Lot 1 of the real estate involved in this controversy.—*Affirmed in part; reversed in part.*

EVANS, C. J., and STEVENS, FAVILLE, and KINDIG, JJ., concur.