## TYLER ET AL. v. REYNOLDS.

1. **Adoption:** REQUISITES OF: FILING INSTRUMENT FOR RECORD. Where a written instrument for the adoption of a child was executed, signed and acknowledged by the parties, but was not filed for record until after the death of the party making the adoption, it was held that the act of adoption was incomplete, and the child would not inherit as an heir of the decedent. Whether there can be in this State a valid parol adoption, upon sufficient consideration, *quære*.

*Appeal from Marion Circuit Court.*

THURSDAY, MARCH 18.

THE object sought by this action is the partition of real estate. From the judgment of the Circuit Court the defendant appeals.

*John F. Lacey,* for appellant.

*Stone & Ayres,* for appellees.

SEEVERS, J.—This cause was submitted to the court below upon the pleadings and an agreed statement of facts, from which it appeared that Philo Reynolds died on the 13th day of May, 1868. On the 27th day of December, 1867, he executed and acknowledged a certain instrument in writing whereby he adopted the child of Mary A. Waldrip as his own, the said Mary having also signed and acknowledged said instrument, thereby consenting to such adoption, and being the proper person to do so.

*1. ADOPTION: requisites of: filing instrument for record.*

The instrument provided the child should thereafter be known by the name of Alice Adelia Reynolds, and at the time the instrument was executed and acknowledged said child was delivered to "said Philo Reynolds, and entered into the family of said Philo Reynolds, who from that date treated the said child as his own, and openly and notoriously recognized the said child and acknowledged her to the world as his adopted child; all of which facts were known to the plaintiffs prior to the death of said Philo Reynolds." The written instrument was not filed for record until the 16th day of May, 1868, three days after the death of said Reynolds. The said child died in 1869.

The only question to be determined is, whether there was a legal adoption of the child which would entitle it to inherit as would the natural child of Philo Reynolds.

It is provided by statute that any person competent to make a will is authorized to adopt the child of another, but the act of adoption must be evidenced by an instrument in writing signed by the parents or others, as defined by statute, acting for and on behalf of the child, and thereby giving their consent, and by the person adopting it. Code, § § 2307, 2308.

The statute further provides as follows: " Such instrument in writing * * * shall be acknowledged by all the parties thereto in the same manner as deeds affecting real estate are required to be acknowledged; and shall be recorded in the recorder's office in the county where the person adopting resides, and shall be indexed with the name of the parents

by adoption as grantor, and the child as grantee in its original name if stated in the instrument.

"Upon the execution, acknowledgment and filing for record of such instrument, the rights, duties and relations between the parent and child by adoption shall thereafter in all respects, including the right of inheritance, be the same that exist by law between parent and child by lawful birth." Code, § § 2309, 2310.

The instrument in question in the present case was in all respects legal and binding, except that it was not filed for record until after the death of Philo Reynolds.

The right of inheritance is purely a statutory right, and is, therefore, arbitrary, absolute and unconditional. Nevertheless the provisions of the statute must prevail, although to do so in some instances is inconsistent with our views as to what constitutes natural rights or justice and equity. Therefore, a child by adoption cannot inherit from the parent by adoption unless the act of adoption has been done in strict accord with the statute. The statutory conditions and terms are that the written instrument must be executed, signed, acknowledged and *filed for record*. When this is done the act is complete. If the named requisites are not done, then the act is not complete, and the child cannot inherit from the parent by adoption.

The filing for record is just as important in a statutory sense as the execution or acknowledgment; one may be dispensed with as well as the other, for the right depends solely on the statute. There is no room for construction unless we eliminate words from the written law, and this we are not authorized to do. It was held in *Long v. Hewitt*, 44 Iowa, 363, that the execution of the required writing could not be dispensed with. The equities in that case were as persuasive in favor of the child as in this, and the intention to adopt was equally clear in both cases.

The statute cannot be regarded as directory, because a right is thereby declared which did not previously exist. The descent of property was thereby changed; to be done, how-

ever, only upon a compliance with the terms and conditions declared.

It is not material the plaintiffs had notice such an instrument in writing had been executed prior to the death of Philo Reynolds, simply because the statute does not so provide. The filing for record and the actual recording is not required for the purpose of giving constructive notice of the act of adoption, so that the rights of others or of either party may be better protected; for neither the natural parent, the child or parent by adoption, or the natural heirs of the latter acquire or part with any right by the act of adoption which would be in any degree changed by actual or constructive notice.

The rights acquired under conveyances of real estate and similar instruments are different. Such rights do not depend on a statute; they are good between the parties if never recorded or acknowledged; this is the ground upon which the ruling in *Tucker v. Tilton*, 55 N. H., 223, is based. In that case it is held that an unrecorded mortgage of personal property is valid against a person having actual notice thereof, although the statute declared it was "of no effect against any one but the grantor and his heirs, unless verified by affidavit and recorded." The only object of recording such an instrument was to give to the world constructive notice of its contents; this was not required if the party to be affected thereby had actual notice.

In the case at bar the instrument was incomplete until filed for record between the parties. No rights were acquired until this was done, and neither was bound until then. Before this was done Philo Reynolds died, and no one had the power and authority to do what he failed to do, or to do what was required to be done to render the instrument valid or obligatory. Upon his death his natural heirs inherited; their rights became vested, and could not be prejudiced by filing the instrument for record after that time. It is true the statute does not declare by whom it shall be so filed, but

by whoever done it is in the nature of a delivery of the instrument, and from that time binding on both; but there could be no such delivery as to Reynolds after his death.

. Whether there can be in this State a valid parol adoption, if founded on a sufficient consideration, which would confer on the adopted child all the rights of a natural child, is, perhaps, doubtful at least. No such case is before us, as the rights of these parties depend solely on the written instrument. The case of *Van Dyne v. Vrinland*, 3 Stock., 370, and same case in 12 N. J. Eq., 142, is not, therefore, applicable. The result is that the judgment of the Circuit Court must be

AFFIRMED.