## GILL v. SULLIVAN ET AL.

1. **Adoption:** REQUISITES OF: RECORDING OF INSTRUMENT. It is essential to the validity of an adoption under the statute that the instrument by which it is made should be recorded. Following *Tyler v. Reynolds,* 53 Iowa, 146.

*Appeal from Iowa Circuit Court.*

THURSDAY, DECEMBER 16.

MARIA SULLIVAN was the owner of certain real estate in the city of Marengo. She died in the year 1876 intestate, without issue, and leaving surviving her Patrick Sulli-

van, her husband.    Mary Gill filed her petition as plaintiff herein, claiming to be a sister of said Maria Sullivan.    She named Mark Maloney and Ann Welsh as defendants, and alleged that they were brother and sister of the intestate. No service of an original notice was had upon either of said parties.    Patrick Sullivan, the surviving husband, and John H. Sullivan, were also made defendants.    Plaintiff averred that after the death of intestate said Patrick Sullivan conveyed the undivided one-third of said real estate to said John H. Sullivan, and that plaintiff and Patrick Sullivan, Mark Maloney and Ann Welsh, were each entitled to one-sixth of said real estate, and said John H. Sullivan was entitled to two-sixths, and partition was demanded accordingly.    Patrick Sullivan answered disclaiming any interest in said property as against defendant John H. Sullivan.

John H. Sullivan, being a minor, answered by guardian, and alleged that he was the owner in fee of all of said real estate. His claim in substance was that he was the adopted son of said Maria Sullivan by reason of a certain deed of adoption, duly executed and acknowledged in 1862 or 1863, by Belle Warner, his mother, and by said Maria Sullivan and said Patrick Sullivan; that said deed of adoption was never recorded, but was almost entirely destroyed by the spilling upon it soon after it was executed some acid or destructive oil, rendering it impossible to make record thereof, but that said Maria Sullivan and Patrick her husband took said defendant, who was then a child two or three years of age, into their home, under the provisions of said adoption, and from that time to the death of said Maria recognized the defendant as their child the same as though born to them in lawful wedlock; that upon the death of said Maria the defendant Patrick Sullivan conceded that the defendant John H. Sullivan was entitled by reason of said adoption to two-thirds of said real estate, and, intending to invest said John H. with all of said real estate, conveyed to him the other one-third thereof.

To that part of the answer which set up the deed of adop-

tion, and the right of said John H. Sullivan to inherit the real estate thereunder, the plaintiff demurred. The demurrer was sustained. Evidence was taken from which it appeared that the plaintiff and Ann Welsh were sisters of the intestate, and that Mark Maloney was a brother. After the cause was argued and submitted said Mark Maloney and Ann Welsh appeared, and not being parties to the record by service of an original notice, they asked and obtained leave to be made parties plaintiff, to which the defendant Sullivan objected and excepted. Said Mark Maloney and Ann Welsh thereupon filed what is denominated a *sub-petition*, in which they averred their heirship, and that they and the plaintiff were each entitled to one-sixth of said real estate, and John H. Sullivan was entitled to one-half thereof. The court decreed that the interest of the parties in the real estate "are as alleged in the petitions of Mary Gill and Mark Maloney and Ann Welsh." Defendants appeal.

*Rumple & Lake*, for appellants.

*T. P. Murphy*, for appellee.

ROTHROCK, J.—I. The instrument by which it is claimed the adoption was effected not having been completed, as required by chapter 7, title 15 of the Code, was of no validity. It is alleged that the written instrument was almost entirely destroyed by accident soon after it was executed, by reason of which it became impossible to make record of it. From this we infer that it was not even filed for record. The case, then, comes squarely within the rule of *Tyler v. Reynolds*, 53 Iowa, 146. We are content with the conclusion reached in that case, and need not further discuss the grounds upon which it is based.

1. ADOPTION: requisites of: recording of instrument.

II. Objection is made to the order of the court allowing Mark Maloney and Ann Welsh to appear as plaintiffs, and also to the decree as being indefinite. John H. Sullivan was not prejudiced by this action of the court. He was not enti-

tled to any part of the real estate as an adopted child of the intestate. All he was entitled to when this action was commenced was the undivided one-third conveyed to him by Patrick Sullivan. Maria Sullivan having died intestate, without issue, her husband was entitled to one-half of her estate. Code, § 2455. This right was recognized in both petitions. But Patrick Sullivan put himself on record as disclaiming any interest in the property as against said John H. Sullivan. Now, while the decree is not so explicit as it should be, neither of the defendants should be heard to complain, for, as we understand it, the brothers and sisters each are decreed one-sixth, and John H. Sullivan one-half of the property.

It is perhaps proper to say in conclusion that if the defendants desired to further contest the claims of the plaintiffs, upon the filing of the second petition they should have moved the court for a continuance, or in some manner sought an opportunity to resist the claim made therein.

AFFIRMED.