MONK *et ux. v.* MCDANIEL.

SIMMONS, C. J.    1. The code of Alabama provides that any person desiring to adopt a child "may make a declaration in writing, . . which, being acknowledged by the declarant before the judge of probate of the county of his residence, filed," and recorded, has the effect of adopting the child.    If . such a declaration shows on its face that the declarant did not reside in the county in which it was acknowledged, filed, and recorded, but in another county of the State, the proceedings were void, and the declarant can not invoke the same in this State as giving him the right to the custody and control of the child.    The probate judge in such a proceeding does not act as a

judicial but as a ministerial officer, nor will any statements made by him to the declarant, as to the immateriality of the latter's place of residence, render the adoption proceedings valid.

2. When this case was here before and the judgment of the court below reversed upon the ground that the plaintiffs in error were the parents by adoption of the child whose custody was in question (116 *Ga.* 108), the point above decided was not made or dealt with, but it arose upon the second trial. The proceeding to adopt the child being now decided to have been void, and the trial judge having found upon sufficient evidence that the defendant in error was a fit and suitable person to take charge of the child and had sufficient means to maintain such child, and the plaintiffs in error having shown no better right, there was no abuse of discretion in awarding the custody of the child to the defendant in error and dismissing the writ of habeas corpus.    *Judgment affirmed.  All the Justices concur.*

Submitted May 26, — Decided June 10, 1904.

Habeas corpus.    Before Judge Freeman.    Carroll superior court.    February 27, 1904.

*Brown & Roop* and *E. J. Wynn*, for plaintiffs.
*W. D. Hamrick* and *J. E. Smith*, for defendant.