[No. 4855.   Decided September 21, 1904.]

CHARLES JAMES, *Respondent*, v. LE ROY JAMES, *Appellant*.[1]

APPEAL—DECISION.   Upon a trial *de novo* on appeal, the judgment of the lower court may be sustained on other grounds than those adopted by the trial judge.

ADOPTION—REQUISITES—RECORDING AGREEMENT UNDER LAWS OF FOREIGN STATE—DESCENT AND DISTRIBUTION.   An adoption in the state of Iowa by a written agreement which is not recorded, as required by the laws of that state, is invalid under the decisions in that state, and such an agreement of adoption, unaccompanied by due proof of recording in Iowa, is insufficient to show any interest in real estate under the law of descent and distribution.

EVIDENCE—RECORDING—CERTIFICATE OF OFFICER—FOREIGN RECORD. A certificate of the official keeper of a record in another state endorsed upon the back of an instrument required to be recorded in such state, is not sufficient to prove the fact of the recording of such instrument.

Appeal from a judgment of the superior court for Spokane county, Richardson, J., entered July 9, 1903, upon findings in favor of the plaintiff, after a trial on the merits

1Reported in 77 Pac. 1080.

before the court without a jury, in an action for partition.
Affirmed.

*Hartson & Holloway,* for appellant.

*Nash & Nash* and *James Dawson,* for respondent.

FULLERTON, C. J.—This is an action for partition of
real property. In his complaint the respondent, who was
plaintiff below, alleges that he is the owner in fee of
an undivided seven-tenths interest in the east half of the
southwest quarter, and lots 3 and 4, of section 30, in town-
ship 24 north, of range 44 east, of the Willamette Meri-
dian; that Bertha James, Mabel E. James, and Walter W.
James, are the owners in fee of the remaining three-tenths
interest, and that it is to the best interest of all of said
owners that the property be partitioned between them. He
then alleges that the appellant, Le Roy James, claims some
interest in the property as the heir at law of Margaret
James, the deceased wife of the plaintiff, who died leaving
a community interest therein, but that "said Le Roy James
is in no way related  .  .  .  to Margaret James, deceased,
.  .  .  and has no right, title, or interest of any name or
nature in or to the property  .  .  ." The prayer of the
complaint was that the defendant Le Roy James be ad-
judged to be without interest in the property, and that it
be partitioned between the plaintiff and defendants other
than Le Roy James.

To the complaint Le Roy James answered, setting up
that he had been adopted by the plaintiff and his wife, in
the state of Iowa, in the month of March, 1888, by virtue
of which he became an heir at law of Margaret James,
since deceased. The answer was put in issue by a reply.
On the issues thus made, a trial was had before the court
without a jury, and resulted in a finding and judgment to

the effect that the appellant had no interest in the property described in the complaint, and was not entitled to share in its partition.

The trial court rested its decision on a judgment rendered in the superior court of Spokane county, in an action in which the respondent was plaintiff and the appellant was one of the defendants, wherein the title to the property was quieted in the respondent against any claim or interest of the appellant. The appellant attacks this judgment, we think successfully, but, as the action is one triable *de novo* in this court, the judgment can be rested on other grounds, if such can be found in the record. We think there is another such ground. The appellant failed to prove that he had any interest in the property sought to be partitioned. His right therein, if any, rested on the claim that he was adopted by the respondent and his then wife, Margaret, in the state of Iowa in 1888, but the proofs fail to show a valid adoption under the laws of that state.

The statute of Iowa in force at the time of the purported adoption, as shown by the record, provided that the act of adoption should be evidenced by an instrument in writing, signed by the parties consenting to the adoption, and the parties or party adopting the child, which instrument should state, among other things, the names of the parents of the child, if known, and should be acknowledged by all the parties thereto in the same manner as deeds affecting real estate are required to be acknowledged, and should be recorded in the recorder's office in the county where the person adopting resides. It was further provided, that upon the acknowledgment, execution and filing for record of such instrument, the rights, duties, and relations of the parties arose.

To prove the adoption in the case before us, the appellant introduced a written instrument, substantially com-

plying with the foregoing requisites of the statute (with the exception that it did not state the name of one of the parents of the child, nor that this parent's name was unknown), but there was no proof that it was recorded in the recorder's office of the county where the persons adopting the child resided. That the failure to record the instrument of adoption is fatal to the legality of the proceedings has been repeatedly held by the supreme court of Iowa, while construing the very statute invoked by the appellant here. In *Tyler v. Reynolds,* 53 Iowa 146, 4 N. W. 902, this language was used:

"The right of inheritance is purely a statutory right, and is, therefore, arbitrary, absolute and unconditional. Nevertheless the provisions of the statute must prevail, although to do so in some instances is inconsistent with our views as to what constitutes natural rights or justice and equity. Therefore, a child by adoption cannot inherit from the parent by adoption unless the act of adoption has been done in strict accord with the statute. The statutory conditions and terms are that the written instrument must be executed, signed, acknowledged and filed for record. When this is done the act is complete. If the named requisites are not done, then the act is not complete, and the child cannot inherit from the parent by adoption.

"The filing for record is just as important in a statutory sense as the execution or acknowledgment; one may be dispensed with as well as the other, for the right depends solely on the statute. There is no room for construction unless we eliminate words from the written law, and this we are not authorized to do. . . . The statute cannot be regarded as directory, because a right is thereby declared which did not previously exist. The descent of property was thereby changed; to be done, however, only upon a compliance with the terms and conditions declared. . . In the case at bar the instrument was incomplete until filed for record between the parties. No rights were acquired until this was done, and neither was bound until then. Before this was done Philo Reynolds died, and no one had

the power and authority to do what he failed to do, or to do what was required to be done to render the instrument valid or obligatory. Upon his death his natural heirs inherited; their rights became vested, and could not be prejudiced by filing the instrument for record after that time."

To the same effect are: *Gill v. Sullivan,* 55 Iowa, 341, 7 N. W. 586; *Shearer v. Weaver,* 56 Iowa 578, 9 N. W. 907; and *McCollister v. Yard,* 90 Iowa 621, 57 N. W. 447.

What effect an omission such as we have above pointed out would have upon the legality of the proceedings, the highest court of the state seems not to have determined directly. It can be inferred, however, from what has been said by it in passing upon the question of the necessity of recording the instrument, that it would regard this as such an essential of the statute as to render its omission fatal. But, without determining this, we are compelled to hold the attempted adoption invalid because the instrument of adoption was not recorded. The adoption to be valid here must be valid in Iowa, and, as the highest court of that state has held that attempts similar to this are invalid under its laws, it must follow that this attempt is invalid also.

It may be argued that the endorsement on the back of the instrument was *prima facie* evidence that it was recorded, under the rule of the cases of *Garneau v. Port Blakely Mill Co.,* 8 Wash. 467, 36 Pac. 463, and *Peters v. Gay,* 9 Wash. 383, 37 Pac. 325; but the recital endorsed on this instrument is not a formal certificate over the hand and seal of the officer, as were the certificates in the cases cited; it is more in the nature of that found in *Jewett v. Darlington,* 1 Wash. Ter. 601, which was held not to be evidence of anything. Moreover, the certificate would not have been sufficient to prove the recording of the instrument had it been as full as the certificates mentioned in

the cases from this state above cited. A record from a public office of a sister state is not admissible in evidence, on the mere certificate of the keeper of the record, over his hand and official seal. Only records from the public offices of this state, or of the United States, are so admissible. Records from public offices of sister states, other than courts, must be certified in accordance with the United States statutes, to be admissible in evidence in the courts of this state.

As we find no reversible error in the record, the judgment will stand affirmed.

MOUNT, DUNBAR, and ANDERS, JJ., concur.