BEER, Judge.
Mrs. Edna LaCroix Poynot, the then 81-year-old widow of Walter F. Poynot (who had died on August 12, 1974, leaving his entire estate to Mrs. Poynot), allegedly executed an authentic Act of Adoption of Gerald G. Pfister on August 28, 1974, before a notary public in Jefferson Parish, Louisi *99 ana. On September 4, 1974, a petition for interdiction of Mrs. Poynot was filed. As a result, Oscar Poynot was appointed provisional curator.
The Act of Adoption was, thereafter, recorded in Orleans Parish on December 13, 1974, and in Jefferson Parish on July 8, 1975. Thereafter, on June 26, 1975, Oscar Poynot filed suit to have the Act of Adoption declared null and void.[1] Meanwhile, on July 3, 1975, a judgment of interdiction was rendered, naming William M. Duett[2] and Henry J. Guidry[3] as co-curators of Mrs. Poynot.
A motion for summary judgment annulling the adoption was then filed and, after hearing, maintained with written reasons assigned. Separate suspensive appeals bring the correctness of that summary judgment before us for adjudication.
Appellants contend that the trial court erred by concluding that registry is an essential requirement under LSA-R.S. 9:461(2) and not merely directory. Appellee urges that adoption is stricti juris, thus all statutory requirements, including a legally effective registry, must be fulfilled.
LSA-R.S. 9:461 provides:
“Any person above the age of twenty years may adopt any person over the age of seventeen years, according to the following conditions, limitations and procedure:
(1) That the adoption shall be effected by the execution of a notorial act signed by the adoptive parent or parents and the person to be adopted, where the person to be adopted is a major or an emancipated minor, or by the adoptive parent or parents and the living parent or parents or guardian or tutor, or a tutor ad hoc appointed for the purpose, of the person to be adopted where the person to be adopted is an unemancipated minor over the age of seventeen years; provided, however, that whenever proceedings are instituted to appoint a tutor or tutors ad hoc, as herein provided, that all proceedings in connection therewith shall be heard by the judge, in chambers, that records of the proceedings, except the act of adoption proper, shall not be opened for inspection except on authorization by the Court, and there shall be no publication thereof, and all pleadings and offerings filed under this Section since January 1, 1952, save the said act of adoption, shall be confidential, and indexed and filed by the clerk of Court, as provided in R.S. 9:437.
(2) That the notorial act executed in accordance with paragraph (1) of this Section shall be registered with the clerk of court of the Parish in which the act is executed, except in the Parish of Orleans, where it shall be registered with the registrar of conveyances for the Parish of Orleans. The clerk of court or registrar of conveyances shall record all such noto-rial acts of adoption, except as otherwise provided in paragraph (1) hereof, in a separate book kept by him for the purpose and shall keep an index of the same under the names of the adoptive parents and the person adopted. As amended Acts 1952, No. 514, Sec. 1.”
Adoption statutes are strictly constructed. In Re LaFitte, 247 La. 856, 174 So.2d 804 (1965); In Re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963); In Re Brannon, 340 So.2d 654 (La.App. 2nd Cir., 1976). Yet, strict construction does not necessarily provide solutions to the problems raised in this litigation.
In Succession of D’Asaro, 167 So.2d 391 (La.App. 4th Cir., 1964) (cited in “Adoption of Adult,” 21 A.L.R.3d 1012, 1033), this court considered the historical, statutory and jurisprudential development of the adoption laws in Louisiana and held that *100 registration was an essential element of LSA-R.S. 9:461. On the other hand, the Court of Appeal, Third Circuit, has recently — and in the past — strongly differed with this court’s conclusion in D’Asaro. See In Re Bourque, 245 So.2d 525 (La.App. 3rd Cir., 1971); Fontenot v. Fontenot, 339 So.2d 897 (La.App. 3rd Cir., 1976) writs denied La., 342 So.2d 217.[4]
Appellant argues that the D’Asaro case is, at any rate, distinguishable by reason that in D’Asaro the issue was whether an act of adoption not registered until after the death of the adopter is valid, whereas in the matter now before us, the adopter was alive but interdicted at the time the act was registered. In the case at bar, the trial judge’s written reasons are significant on this issue:
“This Court views the present problem to fall under Article 401 of the Code of Civil Procedure [Civil Code]. That Article reads as follows:
‘All acts done by the person interdicted from the date of the filing the petition for interdiction, until the day when same is pronounced, and null.’
This Court reads that Article to mean that as of the date that the interdiction proceedings were filed; that is, September 4, 1974, any acts either done by Mrs. Poynot or on Mrs. Poynot’s behalf, or which affected a right involving Mrs. Poynot, were null and void.
It is this Court’s belief that under Article 401, that the action here of filing the adoption after the interdiction proceedings had been filed is a vain and useless thing. Once the interdiction was filed, and it became a matter of record, no action legally could extend from Mrs. Poynot.”
Giving us further insight as to the basis for its ruling, the court went on to observe:
“As indicated heretofore, the Court believes that the additional question of reasonable time was presented to it for determination. Since it, however, has ruled the entire Act of Adoption null and void, the time element of registration is moot. However, it is conceivable that the question is one that should be answered in the event the matter should'go for appellate review. To that end, this Court believes that a reasonable length of time to file and record in the proper parish an act of adoption should be a reasonable length of time, which this Courts holds to be no more than thirty-one days.”
From this record, it is apparent to us that the actual recordation of the Act of Adoption in Jefferson (and Orleans) Parish was accomplished by the notary and attorney who prepared same, albeit at times more than a little removed from the date of the Act itself.
On this issue, we are in disagreement with the trial court’s categorization of that registration as “a vain and useless thing” simply because the registration was accomplished after the interdiction.
At least for the purpose of determining the correctness of the summary judgment, and, limited only to that consideration, we conclude that the registration of an otherwise regular act of adoption subsequent to the interdiction of the adopter is not nullified by LSA-C.C. Article 401.
Furthermore, there is no statutory or jurisprudential rule which mandates registration of the act of adoption at any particular time. Nor is there any clear indication that the time within which the recordation takes place (if, indeed, it is required) need be “reasonable.” Finally, there is certainly no authority for the gratuitous imposition of a specific number of days upon which to make the ultimate determination of reasonableness where the legislature, itself, has chosen not to be definitive.
*101 When this case is tried on its merits, all litigating parties shall then have an opportunity to adduce such testimony and other evidence as may be supportive of their contentions regarding the validity of the act of adoption, and nothing contained in this opinion shall be construed as a restraint on the rights of all parties to the litigation to develop such facts as they believe may be persuasive with respect to the ultimate validity or lack thereof of the adoption proceedings.
Accordingly, it is now ordered that the motion for summary judgment be and the same is hereby overruled, and this matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings not inconsistent with this holding. Costs of this appeal are taxed against the appellees.

REVERSED AND REMANDED.

. Mr. Pfister, the adoptee, and Ernest J. Hes-sler, as representative of the Register of Conveyances in the Parish of Orleans, were made defendants in this matter.

. Mr. Duett is married to a niece of the deceased, Mr. Walter F. Poynot. He initiated the interdiction proceeding in behalf of other Poy-not family members.

.Mr. Guidry, in addition to his duties as co-curator of the interdict, Mrs. Poynot, is the dative testamentary executor of the estate of the deceased, Mr. Walter F. Poynot.

. Interestingly, this “split” is reflected in two law review articles. Compare Walter J. Wa-dlington, III, “Adoption of Adults in Louisiana,” 40 Tul.L.Rev. 1, 14 (1965), which supports the D’Asaro strict constructionist approach, with Note, “Adoption — Requirement of Recordation,” XXVI La.L.Rev. 143 (1965), which criticizes, as hypertechnical, the holding in D’Asaro requiring recordation.