SCHOTT, Judge.
This is an appeal by the testamentary executrix of the Succession of Dr. Thomas H. Mims dismissing her petition to annul the act of adoption by decedent of Edgar H. Mims. The issue is whether the adoption of a person over 17 years of age by notarial act in 1943, pursuant to Act 169 of 1940, now LSA-R.S. 9:461, is valid even though the act was not registered in the Conveyance records until January 17, 1975, after the death of decedent.
Edgar H. Mims was born of the marriage between Olivia Price and Edgar Brisco on December 13, 1925. The parents were divorced in 1932 and custody was awarded to the mother. In 1936 Olivia Price Brisco married Dr. Mims and on April 15, 1943, Dr. Mims executed the act adopting Edgar H. Mims and formally changing his name to Edgar H. Mims before a notary and two witnesses. The act was signed by Mrs. Mims and Edgar. Dr. Mims subsequently obtained an amended birth certificate for Edgar showing himself as the father of Edgar H. Mims. On January 6, 1960, Mrs. Mims died, and, on October 7 her succession was opened in the Civil District Court for the Parish of Orleans on the joint petition of Dr. Mims and Edgar H. Mims in which they alleged the circumstances of Edgar’s birth, adoption, and change of name. Dr. Mims died on April 29, 1974.
On October 25, 1972, Dr. Mims made a last will and testament in which, after reciting that he had three children of his second marriage, he stated: “One (1) child was born of the third marriage [to Olivia Price], to-wit: Edgar H. B. Mims. No other children were born to me during my lifetime. I never adopted anyone ...” On February 14, 1974, Dr. Mims made another will in which he recited:
“In the event Edgar H. Mims is one of my forced heirs, I give to said Edgar H. Mims, his legitime, same to be paid to him in cash out of my estate.”
He left all the rest of his property to his three daughters.
*1280 On June 13, 1974, this succession was opened by one of the daughters with a petition to probate the 1972 will. On June 18, 1974, another daughter filed a petition to probate the 1974 will and a contest over its validity developed. On February 2, 1979, the executrix (the same daughter was named under both wills) filed a petition to annul the act of adoption on the ground that it was not registered. Edgar Mims filed a motion for summary judgment against the executrix and the judgment on appeal granted the motion dismissing the petition of the executrix.
R.S. 9:461 provides in pertinent part as follows:
“Any person above the age of twenty years may adopt any person over the age of seventeen years, according to the following conditions; limitations and procedure:
“(1) That the adoption shall be effected by the execution of a notarial act signed by the adoptive parent or parents and the person to be adopted, where the person to be adopted is a major or an emancipated minor, ...”
“(2) That the notarial act executed in accordance with paragraph (1) of this Section shall be registered with the clerk of court of the parish in which the act is executed, except in the parish of Orleans, where it shall be registered with the register of conveyances for the parish of Orleans. . . . ”
When last faced squarely with this question this court in Succession of D’Asaro, 167 So.2d 391 (La.App. 4th Cir. 1964) held that registration under paragraph (2) of the statute was essential to the adoption’s validity.
This court in Poynot v. Pfister, 348 So.2d 98 (La.App. 4th Cir. 1977) writ refused 351 So.2d 168, was confronted with the validity of an adoption pursuant to R.S. 9:461, where a petition for the interdiction of the adopter was filed after the date of the act of adoption but the act was not registered until several months later. The holding of the case was that the registration of an otherwise regular act of adoption, subsequent to the interdiction of the adopter, is not nullified by LSA C.C. Art. 401, but the court implied doubt about the holding of Succession of D’Asaro and preferred the holding of the 3rd Circuit in Fontenot v. Fontenot, 339 So.2d 897 (La.App. 3rd Cir. 1976) writs refused, 342 So.2d 217. In Poy-not this court said:
“Furthermore, there is no statutory or jurisprudential rule which mandates registration of the act of adoption at any particular time. Nor is there any clear indication that the time within which the recordation takes place (if, indeed, it is required) need be ‘reasonable.’ Finally, there is certainly no authority for the gratuitous imposition of a specific number of days upon which to make the ultimate determination of reasonableness where the legislature, itself, has chosen not to be definitive.”
We are satisfied that the better view is expressed in the Fontenot case with respect to the specific problem at hand. The first paragraph of the act states that the adoption shall be effected by the execution of the notarial act. We disagree with the D’Asaro court’s treatment of the argument in that case as to the import of that word “effected.” The second part of the act is a directive to the notary to register the act and is for the benefit of third persons relying on the public records. The intentions of the parties flow clearly from their execution of the notarial act itself, and their intentions should not be frustrated because of the failure of a notary to register the act in the public records. This is particularly pertinent in the instant case where Dr. Mims not only demonstrated his intention quite clearly when he adopted his wife’s child and gave him his name over thirty years before his death but also reaffirmed his intention in 1960 after his wife died in his petition to open her succession and again in 1972 in his will describing Edgar as issue of his marriage to Edgar’s mother. The language of his 1974 will, while suggesting that some coolness had developed between Edgar and Dr. Mims, is nevertheless an acknowledgment that Dr. Mims had *1281 clearly regarded Edgar as his adopted son with the rights of a forced heir.
We are aware that Act 169 of 1940 originally contained Section 3 as follows:
“That no Act of adoption of persons over the age of seventeen years executed subsequent to the effective date of this Act shall be valid unless all the essential provisions of this Act have been complied with. .. . ”
and not until 1950 when the Revised Statutes were adopted was Section 3 deleted “as unnecessary,” Reporter’s Notes preceding R.S. 9:461, so that Section 3 was present when the act of Edgar’s adoption was executed. Nonetheless, we adhere to the view that this act is valid notwithstanding the failure to register it.
Accordingly, we overrule Succession of D’Asaro and affirm the judgment now on appeal.[1]
AFFIRMED.
SAMUEL, BOUTALL and KLIEBERT, JJ., dissent from en bane ruling.

. In accordance with our internal rules this case was submitted to the court en banc and a majority have concurred in overruling Succession of D’Asaro.